UNITED STATES DISTRICT COURT
                         DISTRICT OF MINNESOTA
                       Civil No. 12-1547(DSD/AJB)

Shannon Swider,

           Plaintiff,

v.                                                       **ORDER**

Hologic, Inc.,

           Defendant.


    Michelle D. Neumann, Esq. and Halunen & Associates, 80
    South Eighth Street, Suite 1650, Minneapolis, MN 55402,
    counsel for plaintiff.

    Holly M. Robbins, Esq. and Littler Mendelson, PC, 80
    South Eighth Street, Suite 1300, Minneapolis, MN 55402,
    counsel for defendant.


     This matter is before the court upon the motion to dismiss by defendant Hologic, Inc. and the motion for leave to amend by plaintiff Shannon Swider.  Based on a review of the file, record and proceedings herein, and for the following reasons, the motion to dismiss is denied and the motion for leave to amend is granted.


                              **BACKGROUND**

     This employment dispute arises out of the termination of Swider by Hologic.  Swider worked in various roles for Hologic from 2007 to 2011.  Compl. ¶¶ 12, 32.  At the time of her termination, Swider was employed as a Regional Specialist.  Id. ¶ 13.

After Swider took two days off from work in February 2011, Dan Marchbanks, a Hologic Regional Manager, commented that Swider's young children were preventing her from effectively performing her job. Id. ¶ 24. Thereafter, on a business trip to Chicago on April 19, 2011, Marchbanks became angry with Swider and commented that, "No one with young kids can do this job." Id. ¶¶ 25-28. On April 21, 2011, Swider reported these comments to Human Resources officer Paula Murphy. Id. ¶ 29.

On May 9, 2011, Marchbanks and Murphy notified Swider by telephone that her employment with Hologic would end on June 24, 2011. Id. ¶ 32. Marchbanks and Murphy informed Swider that she would forfeit her quarterly commission if she left the company prior to this date. Id.

During the duration of Swider's employment, Marchbanks made several comments to Swider about her employment status, including that Swider "needs to make a decision between her family and the job." Id. ¶ 35. Marchbanks also threatened to fire Swider and withhold her quarterly commission. Id. Swider's last day at Hologic was June 24, 2011. Id. Her position was filled by a female employee with older children. Id. ¶ 37.

Swider filed suit in Minnesota court on June 7, 2012, alleging violations of the Minnesota Human Rights Act (MHRA) and Title VII.

Hologic timely removed, and moved to dismiss Swider's claims on June 27, 2012. Swider moved for leave to amend her complaint on August 9, 2012.

In the draft amended complaint, Swider includes more details regarding the period between May 9, 2011, and June 24, 2011. Swider previously alleged that she was fired on May 9, 2011. Id. ¶ 32. In the draft amended complaint, Swider claims that she was told on May 9, 2011, that "her last day [of employment] would be June 24, 2011." Draft Am. Compl. ¶ 31.[1] Further, Swider now alleges that she asked Marchbanks if she was being fired or being asked to resign and Marchbanks refused to answer. Id. ¶ 32. Finally, Swider now claims that she emailed Human Resources on June 24, 2011, asking, "Am I still employed with Hologic?" Id. ¶ 39. Murphy replied, "Today, June 24, 2011, is your last day of work at Hologic." Id. ¶ 40.

## DISCUSSION

### I. Motion to Amend

While the motion to dismiss by Hologic was pending, Swider moved to amend her complaint. When a plaintiff moves to amend a

---

[1] The draft amended complaint is attached at exhibit 2 to ECF No. 12.

complaint after a motion to dismiss has been filed, the court must first address the motion to amend. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

The court freely grants leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). In other words, the court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there is bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants. Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). Hologic argues that amendment is futile. Specifically, Hologic argues that even if the court granted leave to amend, Swider's claims would be time-barred.

Claims under the MHRA "must be brought ... within one year after the occurrence of the [alleged discriminatory] practice." Minn. Stat. § 363A.28, subdiv. 3.[2] "[I]n an unfair employment discrimination claim for job termination where an unequivocal, unconditional notice of termination is given, the statute of limitations begins to run from the time the notice of termination is received by the employee." Turner v. IDS Fin. Servs., Inc., 471 N.W.2d 105, 108 (Minn. 1991).

---

[2] The court applies the same analysis to claims under the MHRA and Title VII when, as here, the claims depend on identical facts and theories. See Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005).

In the original complaint, Swider claimed she was fired on May 9, 2011, but was asked to stay at her position until June 24, 2011. Compl. ¶ 32.  Hologic argues that this notice of termination was unequivocal and unconditional, and, thus, the action filed on June 7, 2012, falls outside the statute of limitations.  Swider responds that her employment status was uncertain until she received the June 24, 2011, email.  For example, in the draft amended complaint, Swider explains that she "repeatedly asked if she was being fired or was being asked to resign but Marchbanks would not respond and refused to use the word fired or resigned."  Draft Am. Compl. ¶ 32. Swider argues that Marchbanks' threats to fire her and his warnings that she needed to choose between her family and her job are inconsistent with an unequivocal and unconditional termination.

Upon a motion to dismiss, the court should view the plausibility of the claim as a whole, drawing on "judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citation omitted).  Common sense suggests that even these meager facts in the complaint and draft amended complaint are sufficient to "raise a reasonable expectation that discovery will reveal evidence" that Hologic failed to provide Swider with unequivocal and unconditional notice of termination until June 24, 2011. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  As a

result, the proposed amendment would not be futile, and the interests of justice and efficiency are served by allowing amendment.[3]  Therefore, the court grants the motion to amend.

**II.  Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

Hologic argues that, even if the claims are timely, Swider fails to state a cognizable claim of sex discrimination.  To

---

[3] Further, the court notes that Swider complied with the local rules regarding leave to amend.  D. Minn. L.R. 15.1 (noting requirement to submit proposed amended complaint and a redlined version).

6

establish a prima facie case of discriminatory termination under either the MHRA or Title VII, a plaintiff typically must show (1) she is a member of a protected class, (2) she was qualified for the job from which she was discharged, (3) she was discharged despite her qualification for the job and (4) either her job was assigned to someone outside of the protected class or similarly-situated non-protected class members were not discharged for nearly identical conduct. Deerson v. Metal-Matic, Inc., 423 N.W.2d 393, 396 (Minn. Ct. App. 1988) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 803 (1973)); see also Goins v. W. Grp., 635 N.W.2d 717, 724 (Minn. 2001) (citations omitted) (noting that the McDonnell Douglas elements are flexible and vary with the circumstances of the alleged discrimination).

Hologic argues that Swider fails to allege that she was replaced by a man or that similarly-situated men were retained after nearly identical conduct. The complaint, however, alleges that "[w]omen who spoke up ... to Marchbanks were treated harshly while men who spoke up were encouraged." Compl. ¶ 21. Moreover, Swider claims that "[m]ale employees with children received no harassing treatment," and that a male employee, Brandon, spoke openly about his young children in front of Marchbanks without being treated differently. Id. ¶ 23. Further, Swider alleges that Marchbanks admitted he fired a female to "show the corporate guys he was tough." Id. ¶ 38. These allegations, accepted as true for

purposes of this motion, are sufficient to state a prima facie case of sex discrimination. Therefore, dismissal for failure to state a claim is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [ECF No. 4] is denied; and

2. Plaintiff's motion for leave to amend [ECF No. 10] is granted.

Dated:  December 3, 2012

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court